580 P.2d 1219

**John Tirrell HELLYER, Appellant,**

v.

**Margaret Purcell HELLYER, Appellee.**

**No. 2 CA–CIV 2498.**

Court of Appeals of Arizona, Division 2.

April 12, 1978.

Rehearing Denied May 17, 1978.

Review Denied June 13, 1978.

Stompoly & Even, P. C. by Timothy Kevin McPike and Stephen P. Talmadge, Tucson, for appellant.

DeConcini McDonald Brammer & Yetwin, P. C. by John R. McDonald, Tucson, for appellee.

OPINION

HATHAWAY, Judge.

The parties were married January 11, 1975. Two days later, the appellant, John Hellyer, made a gift of real and personal

property valued at more than $160,000 to his wife, appellee Margaret Hellyer. Some months later, the marriage was failing and Margaret filed a petition for dissolution.

Appellant acknowledges the validity of the gift, but maintains it was conditioned upon appellee's oral promise to return the gift to him should the marriage fail. Partial summary judgment was entered against appellant on September 15, 1976, awarding the gifted property to appellee, ". . . as her sole and separate property, free and clear of any claims of the Respondent, JOHN TIRRELL HELLYER . . . ."

On September 23, 1976, the court ruled by minute entry:

"The court wishes to clarify the judgment and to amend the judgment so as to clarify the intent of the court's action in granting partial summary judgment . . . .

The judgment is not to be construed as assigning the property to Margaret Purcell Hellyer under the provisions of A.R.S. Sec. 25–318 and is not to be construed as determination of the facts that she owns the property free and clear of any claim by the respondent, John Tirrell Hellyer."

On September 28, 1976, the issue of whether appellant was precluded by equitable or judicial estoppel from offering testimony as to the condition of reconveyance and validity of the gift was submitted to the court. On December 20, 1976, judgment was entered finding that the doctrine of judicial estoppel prohibited appellant from offering testimony and declaring the property to be the sole and separate property of Margaret Hellyer. Appellant contends on appeal that the trial court erred, arguing that neither judicial estoppel nor any form of estoppel precludes evidence that his gift was conditional.

The gift in question was made two days after the parties' marriage against the background of appellant's indebtedness to his former wife, Joan Hellyer, for back alimony in the sum of $4,400.00, plus attorneys fees and interest, and his incurring additional alimony at the rate of $750 per month. The conveyance transferred all of his property to appellee, with the exception of trust income which appellant receives from his father's estate, in the amount of approximately $19,000 per year. On July 21, and August 26, 1975, appellant's former wife, Joan, filed a petition and complaint, respectively, alleging that the property transfer from appellant to appellee was a fraudulent conveyance. In that case, appellant gave the following testimony by deposition:

"Q. And how did she acquire it?

A. By gift from me.

Q. Okay. Did she have to give you anything in return for the—

A. Nothing.

Q. —gift of the house.

A. No.

Q. *It was an absolute gift?*

A. *That is correct.*

Q. Okay. And she paid you no amounts of money of (sic) anything for it?

A. No, nothing.

Q. Okay. Can you tell me what the reason for the gift was, or did you have a particular reason—

A. Oh yes, definitely.

Q. Okay. What was the reason?

A. There is sixteen years difference between our ages. I have been through the inheritance taxes when my father and mother died. And by making a gift it gave her security for the rest of our lives together, and plus the fact that the amount that would be required to pay inheritance taxes would be substantial, whereas we paid slightly over $5000 in gift taxes. And at this time there is no Arizona tax, inheritance tax or gift tax, thereby we would save a tremendous amount

of money, anticipating I would die before she, because of the difference in our ages.

Q. And that was the *only reason*—

A. Definitely, that was the only reason for the gift." (Emphasis added)

The above deposition was taken on October 2, 1975, and appellee filed her petition for dissolution on October 27, 1975.

In the Joan Hellyer case, the issue of whether the gift was a fraudulent conveyance was to be submitted to the court upon an agreed statement of facts. In the statement of facts filed by plaintiff, Joan Hellyer, paragraph 42 stated:

"42. In proceedings held February 17, 1976, Jack had testified that he and Peggy agreed that she would return the conveyance referred to in paragraph 18 above [the gift in question on this appeal] should either he or Peggy bring an action for dissolution of their marriage, or should they separate."

In his statement of facts in the Joan Hellyer case, appellant indicated that he did not disagree with the above statement contained in paragraph 42. Also, in a memorandum filed by him in the same case, his position on the subject of the gift was stated as follows:

"The Court should also consider the Motion for Partial Summary Judgment filed by Peggy in Pima County Superior Court Case No. D–9910 seeking a Judgment describing the gift property to be Peggy's sole and separate property free of John's claim that the property must be returned to him pursuant to Peggy's agreement to do so if the Marriage failed."

 We agree with appellant that the doctrine of judicial estoppel does not apply in the case at bench. For the doctrine to apply, the party against whom it is sought must in the subsequent proceeding maintain a position inconsistent with his position in a prior one. *Standage Ventures, Inc. v. State,* 114 Ariz. 480, 562 P.2d 360 (1977). We are unable to find a conflict in appel-

lant's position in the two cases. He asserts the validity of the gift in both. The issue of a condition subsequent alleged in the Margaret Hellyer case was not an issue in the Joan Hellyer case. The reference to "an absolute gift" in appellant's deposition in the Joan Hellyer case is taken from the examining counsel's language and would seem to bear on the absence of any consideration for the gift. Appellant's position is that the gift was conditional and that the marriage relationship permits the showing of the conditional nature of the gift by parol evidence. *MacRae v. MacRae,* 37 Ariz. 307, 294 P. 280 (1930). He further relies on Sec. 58 of the Restatement of Restitution (1937) for the proposition that such a conditional gift is proper:

"A person who has conferred a benefit upon another, manifesting that he does not expect compensation therefor, is not entitled to restitution merely because his expectation that an existing relation will continue . . . is not realized, unless the conferring of the benefit is conditioned thereon."

Comment b discusses the applicability of the above quoted language to conditional gifts and provides:

"The gift may be conditional upon the continuance . . . of a relation, and if conditional the donor is entitled to its return if the relation terminates . . . The condition may be stated in specific words or it may be inferred from the circumstances."

We will not belabor in this appeal the validity of such a conditional gift, but conclude simply that the record before us does not show that appellant has taken inconsistent positions, and he is therefore not foreclosed by judicial estoppel from urging that the gift is conditional. We find no merit to appellee's clean-hands argument in view of the court's ruling in the Joan Hellyer case that intentional fraud was not present in the transfer.

Reversed.

RICHMOND, C. J., and HOWARD, J., concurring.