632 P.2d 263

**Margaret Purcell HELLYER, Petitioner/Appellee,**

**v.**

**John Tirrell HELLYER, Respondent/Appellant.**

**No. 2 CA-CIV 3573.**

Court of Appeals of Arizona, Division 2.

June 3, 1981.

Rehearing Denied July 2, 1981.

Review Denied July 21, 1981.

DeConcini McDonald Brammer Yetwin & Lacy, P. C. by John R. McDonald, Tucson, for petitioner/appellee.

Alley, Sullivan & Gray by Dennis H. Gray, Tucson, for respondent/appellant.

OPINION

BIRDSALL, Judge.

This case comes to our court for the second time. In *Hellyer v. Hellyer,* 119 Ariz. 365, 580 P.2d 1219 (App.1978) we reversed a partial summary judgment entered by the trial court. We held there that the doctrine of judicial estoppel did not preclude the appellant here, John Tirrell Hellyer, from contending that the gift which is the principal subject matter of this appeal was subject to a condition subsequent. This appeal arises following a judgment of the trial court in the dissolution action between the parties in which the court held that the appellant had made an unconditional gift of all his substantial estate to the appellee.

The parties were married on January 11, 1975. On January 13 appellant executed a deed to his residence and other documents of title to personal property giving these properties to his new wife. The gift had been previously discussed in the office of his attorney on January 3. The property which was the subject matter of the gifts constituted all of the appellant's estate except that he remained as the beneficiary of a trust from which he received an annual income of approximately $19,000. The value of the gift properties was approximately $163,679. The appellant claimed and testified in the trial court that there was an oral agreement between the parties which provided that in the event the marriage failed, all of the gift properties would be returned to him. The appellee denied any such oral agreement.

The judgment of the trial court found the gift properties to be the sole and separate property of the appellee, granted a dissolution of the marriage and ordered no spousal maintenance.

The appellant was previously married to Joan Hellyer and that marriage ended in divorce in 1969. Joan Hellyer, in an action in the Pima County Superior Court, sought to have the gift declared fraudulent as to her because of her status as a creditor entitled to support from the appellant. John and Margaret Hellyer were named as defendants. The trial court in that case, which was not appealed, ruled that as between these parties, John and Margaret Hellyer, the gift was valid, although fraudulent as to Joan Hellyer. The court ordered that the fraudulent conveyance could be cured by payment of certain sums and that an unmatured claim of Joan could not be secured. The gift was not set aside. The court in that case made no finding that the gift was intentionally fraudulent and presumably it applied the provisions of A.R.S. § 44–1004:

> "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

The issues as presented by appellant are:

1. Did the evidence support the finding of the gift, appellant to appellee, husband to wife?

2. If so, was there an oral condition subsequent whereby the property would be returned if the marriage failed?

3. Did the court commit error in admitting certain evidence?

4. Did the trial court err in not admitting a prior written affidavit of a witness?

5. Did the court commit error in permitting an attorney to testify over an attorney-client privilege objection?

Appellee states additional issues which we do not address in view of our decision herein.

The trial court made findings of fact all of which we find amply supported by the evidence. These findings and the supporting evidence will be discussed as we consider each of the issues.

*Was there a gift?*

Although appellant makes this an issue we find it is not really disputed. In his answer to appellee's amended petition for dissolution, appellant "admits the gift". In *Hellyer v. Hellyer*, supra, in which Mr. Hellyer was also the appellant, our court said, "We are unable to find a conflict in appellant's position in the two cases [the instant case and the Joan Hellyer case]. He asserts the validity of the gift in both". In opening statement by appellant's counsel, after conclusion of appellee's evidence, the gift was again admitted. The court's finding of a valid gift of all the property is further supported by documentary evidence, the title instruments, gift tax return, and a letter from appellant to his attorney. We need not further belabor this point. There was a gift of all the property. We find no error on the first issue.

*Was the gift conditional?*

Appellant claims an oral agreement with appellee that if the marriage did not succeed she would return all the property to him. It was because of the claim of this alleged agreement that we reversed the trial court's partial summary judgment in *Hellyer.* There we found that if such an agreement existed, it would not be inconsistent with a completed gift. The parties also argue this issue on a theory of constructive trust, i. e., that appellee held the properties for appellant in trust, subject to divestment if the marriage failed. The appellant had the burden of proving the existence of a constructive trust by clear and convincing evidence. *King v. Uhlmann*, 103 Ariz. 136, 437 P.2d 928 (1968); *Chirekos v. Chirekos*, 24 Ariz.App. 223, 537 P.2d 608 (1975).

The evidence relevant to this issue is in conflict. Appellant says there was such an oral agreement, appellee says there was not. Each party called other witnesses who testified to admissions by each party against their respective interest on this issue. The absence of any indication of any such condition in any of the documentary evidence supports the trial court's finding. The claim of marital deduction for one-half the value of the gift on the federal gift tax return supports the finding.[1] The trial court found the gifts were unconditional and more specifically that:

> "10. Respondent has not proven by clear and convincing evidence that the gifts were conditioned upon an oral promise by petitioner that the gift property was to be returned to respondent in the event that the marriage failed, nor that the gifts were made upon that condition."

There was substantial evidence to support this finding and we will not disturb it. *See King v. Uhlmann*, supra.

*The Joan Hellyer Evidence*

The third issue concerns the admission of evidence which pertained at least in part to the issues in the Joan Hellyer case wherein she claimed, as appellant's former wife, that the gifts with which we are concerned were a fraudulent conveyance affecting her rights to support from appellant. Both appellant and appellee were defendants in that case. Appellant argues the issues decided in that case are res judicata, that appellee was estopped, and the evidence was irrelevant and prejudicial. We disagree with all of these arguments. The evidence was relevant to show that appellee could have had an additional motive for the gift even if there were no intentional fraud. Although the question of whether or not there was a fraudulent conveyance as to Joan may have been res judicata, appellee did not need to make a collateral attack on that judgment to show this possible additional purpose for the gift. Appellant was entitled to argue that the judgment in that case rebutted any claim that the gift was made to defraud Joan Hellyer. The evidence to which appellant objected consists for the most part of prior testimony of the witnesses in this case including inconsistent statements. Clearly the use of such prior statements for impeachment was proper. Rules 613 and

1. A marital deduction is not allowed for gift tax purposes where the property interest is terminable. It is terminable if it will terminate on the happening of some contingency. Federal Tax Regulations Sec. 25.2523(b)-1.

801, 17A A.R.S., Rules of Evidence. Prior statements of appellant which constituted admissions were also admissible under Rule 801(d)(2), supra. In a court trial we will not find error in the admission of evidence since it is presumed the judge will disregard inadmissible evidence in any event. *State v. Gunther & Shirley Company*, 5 Ariz.App. 77, 423 P.2d 352 (1967).

*The Affidavit*

Appellant argues reversible error for rejecting the admission of his Exhibit D for identification. We reproduce the body of this exhibit here for purposes of clarity.

> "WALTER L. RICHARDS, JR., being first duly sworn, upon his oath, deposes and says as follows: That I was the attorney for JOHN T. HELLYER prior to and at the time of this 'gift' to PEGGY HELLYER; That although JACK and MARGARET HELLYER did not enter into any express agreement, it was very clear to me that both of them agreed the gift property would be returned to JACK if the marriage failed; That whether the marriage failed or succeeded, MARGARET HELLYER clearly understood JACK HELLYER was to have complete use of all of the gift property, including the right to sell or encumber as he decided."

The affiant, appellant's former attorney, was called as a witness by appellant. The trial court refused to admit the exhibit because it "gives opinions and conclusions without any foundation to them". We agree. The witness was examined extensively by both counsel and the court concerning the events surrounding the gift. He even expressed his opinion that there was probably an agreement such as that claimed by appellant. The record shows the trial judge did not believe that opinion admissible and that he would give it little weight. At any rate, to that extent the exhibit would have been cumulative. It was also hearsay and not admissible under any exception. The testimony of the witness did not establish sufficient foundation for the conclusions in the affidavit. In fact, the witness testified: "As far as I'm concerned, the gift was unconditional going out; nothing reserved. If there's a condition subsequent, for the most part it was outside of my knowledge."

*Lawyer-Client Privilege*

The last issue presented concerns the testimony of another attorney-witness called by appellee. The attorney represented appellant and appellee in the Joan Hellyer fraudulent conveyance action. The firm then initially represented appellant in the instant dissolution case. The only testimony from the attorney concerning communications between him and appellant was directed to the period when he also represented appellee and both parties were present. This did not violate the lawyer-client privilege. *See cf. Nichols v. Elkins*, 2 Ariz.App. 272, 408 P.2d 34 (1965) (an attorney who represented a partnership did not violate a privileged communication by representing one of the partners against the other because the communications within that relationship were not privileged as between the partners).

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.