## CIRCUIT COURT OF FAIRFAX COUNTY

James Duncan,
Administrator

v.

Jacqueline Duncan

July 16, 2001

Case No. (Law) 188255

BY JUDGE HENRY E. HUDSON

This matter came before the Court on July 6, 2001, on Plaintiff's Motion to Compel Discovery and for Sanctions. In essence, Plaintiff seeks the Court's review of Peter D. Greenspun's, Esq., invocation of attorney-client privilege. Greenspun had earlier represented both the Plaintiff and Defendant in a separate matter wherein the Fairfax County Police and Child Protective Services conducted an investigation of the death of the parties' minor child. During his deposition in the immediate case, Greenspun declined to provide certain testimony concerning information imparted to him by the Defendant in connection with his earlier representation, without direction of the Court. After hearing evidence, the Court took the matter under advisement and afforded counsel for the Plaintiff and the Defendant, *pro se*, an opportunity to submit supplemental memoranda of law.

Upon reviewing the Motion, the evidence presented, a letter from Greenspun, and memorandum of counsel, the Court is of the opinion that the attorney-client privilege does not bar Greenspun's disclosure of information provided to him by the Defendant during the course of his former joint representation of the parties.

The underlying case is a wrongful death action. Plaintiff is the administrator of his daughter's estate. Defendant is his former wife and the mother of the decedent. Plaintiff deposed Greenspun during the course of conducting discovery. Greenspun does not currently represent either party.

Plaintiff sought information provided by Defendant to Greenspun during the criminal investigation. Greenspun declined to answer certain questions posed to him and declined the production of requested documents on the ground that such disclosure would violate the Defendant's attorney-client privilege. In considering Plaintiff's motion, the Court must be mindful that the attorney-client privilege must be "strictly construed within the narrowest possible limits consistent with the logic of its principle." *See N.L.R.B. v. Harvey*, 349 F.2d 900, 907 (4th Cir. 1965).

Although no Virginia Court appears to have addressed this issue directly, the clear majority of reviewing courts has held that the attorney-client privilege does not preclude an attorney, who originally represented both parties in a prior matter, from disclosing information in a subsequent action between the parties. *See, e.g., Car and General Ins. Corp. v. Goldstein*, 179 F. Supp. 888, 891 (S.D. N.Y. 1959), aff'd by 277 F.2d 162 (2d Cir. 1960); *Bituminous Casualty Corp. v. Tonka Corp.*, 140 F.R.D. 381 (D.C. Minn. 1992); *Hellyer v. Hellyer*, 129 Ariz. 453, 632 P.2d 263 (Ariz. 1981); *Grosberg v. Grosberg*, 269 Wis. 165, 68 N.W.2d 725, 726 (Wis. 1955); *see also* cases cited in Charles C. Marvel, *Annotation*, "Applicability of Attorney Client Privilege to Evidence or Testimony in Subsequent Action Between Parties Originally Represented Contemporaneously by Same Attorney," 4 A.L.R. 4th 765, 772 (2001).

In *Grossberg*, the Supreme Court of Wisconsin held that an attorney, who previously jointly represented a husband and wife on matters of common interest, was permitted to testify in a subsequent divorce action concerning the unfitness of the wife to have custody of the parties' children. The attorney's opinion was based in part on allegedly confidential information provided to him by the parties during the joint representation.

Plaintiff's exhibits establish that Greenspun's representation of Plaintiff and Defendant was joint in nature. The parties executed a joint agreement engaging Greenspun's services. He represented both parties in an investigation related to the parties' common interest, namely criminal liability for their daughter's death and loss of parental rights. Furthermore, Greenspun freely shared information regarding elements of the case with, and between, both parties. The Defendant recognized that Greenspun was sharing information disclosed by the Defendant with Plaintiff during the parties' prior joint representation. Lastly, the parties did not have an implied or express agreement with Greenspun that he would maintain their respective confidences in this joint representation. Defendant's communications with Greenspun are not privileged in the absence of an agreement between the

parties stipulating otherwise. *See F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000).

The nature and character of Greenspun's previous joint representation of the parties does not act to bar his testimony in this subsequent litigation between Plaintiff and Defendant. Greenspun must fully comply with the Plaintiff's discovery requests by answering deposition questions completely and complying with Plaintiff's Subpoena Duces Tecum.

Plaintiff's Motion to Compel is therefore granted. Plaintiff's motion for sanctions is denied.