**UNION CAMP CORPORATION,**
**Petitioner,**

v.

**Honorable Oren R. LEWIS, United States District Judge for the Eastern District of Virginia, Respondent.**

**No. 11818.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1967.

Decided Nov. 2, 1967.

James R. Withrow, Jr., New York City, (Alexander W. Parker, R. Harvey Chappell, Jr., Charles W. Laughlin, Richmond, Va., and Andrew J. Kilcarr, Washington, D. C., Christian, Barton, Parker, Epps & Brent, Richmond, Va., and Donovan, Leisure, Newton & Irvine, New York City, on the brief) for petitioner.

Richard H. Stern, Atty., Dept. of Justice, (Donald F. Turner, Asst. Atty. Gen., Howard E. Shapiro and James H. Wallace, Attys., Dept. of Justice, and C. Vernon Spratley, Jr., U. S. Atty., on the brief) for the United States.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Union Camp Corporation, proceeding under the All Writs Act [28 U.S.C. § 1651(a)] moved for a writ directing the respondent to grant a hearing on a motion to quash a subpoena duces tecum, or in the alternative directing the respondent to quash the subpoena. The United States intervened.

A grand jury, convened to investigate possible violations of the antitrust laws, caused a subpoena duces tecum to issue to Union Camp Corporation. Union Camp moved to quash the subpoena on the ground that disclosure would be unreasonable and oppressive since the document and its attachments which the grand jury sought constituted confidential and privileged attorney-client communications. The government claimed that no privilege was applicable because in the document Union Camp's lawyer furnished his client advice for use in an unlawful and fraudulent scheme.

We find no occasion to pass upon the government's assertion that Union Camp was not entitled to an evidentiary hearing. The district judge did not deny Union Camp a hearing on its motion to quash. He denied a continuance for two weeks, but granted a continuance of about seven hours. At the recessed hearing Union Camp asked for another continuance, which was denied. Its attorneys mentioned names of prospective witnesses, but at no time did they proffer their testimony. The court heard argument of counsel, examined the controversial papers, considered other evidence available to the grand jury, and denied the motion to quash. Under all the circumstances, we conclude that the district judge did not abuse his discretion in allowing Union Camp only a short continuance. Another hearing is unwarranted.

The attorney-client privilege is withdrawn upon a *prima facie* showing that the lawyer's advice was designed to serve his client in commission of a fraud or crime. United States v. Bob, 106 F.2d 37, 40, 125 A.L.R. 502 (2d Cir. 1939),

cert. denied, 308 U.S. 589, 60 S.Ct. 115, 84 L.Ed. 493 (1939). See Clark v. United States, 289 U.S. 1, 15, 53 S.Ct. 465, 77 L.Ed. 993 (1933) (dictum); O'Rourke v. Darbishire, (1920) A.C. 581, 604, 614, 622, 631. The government met this burden. It was not at this stage of the proceedings required to prove the crime or fraud in order to secure the evidence. This leads us to add, perhaps unnecessarily, that in denying the writ, we express no opinion upon the facts or law touching upon the merits of the case. Nor do we foreclose Union Camp, or others, if an indictment be returned, from moving to suppress the evidence or otherwise objecting to its admission.

Writ denied.