## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Board of Directors
of the Port Royal
Condominium Unit
Owners' Association

v.

Crossland Savings F.S.B. et al.

Case No. (Chancery) 18453

By JUDGE ALFRED D. SWERSKY

May 15, 1989

The Court has under advisement defendant Crossland's objection to certain Requests for Production of Documents, asserting the attorney-client privilege. Complainant asserts no showing of privilege has been made and that the fraud/crime exception applies.

In its present posture before this Court, the applicability of the privilege cannot be determined. Complainant has made a broad, sweeping request for documents using the all-too-familiar "all documents" and "all memoranda" between defendants and counsel or that "reflect, identify, explain, or relate to" the relationship of the various defendants to one another.

Defendants have responded with a general assertion that the documents requested are privileged. Treating this assertion as a representation by counsel that the elements of the privilege exist, the burden would shift

to complainant to make a *prima facie* showing that the documents are or were designed to serve the client in the commission of a fraud or crime. *Union Camp Corp. v. Lewis*, 385 F.2d 143 (4th Cir. 1967).

Recognizing that such a showing is a practical impossibility, the Court will withhold ruling on the assertion of the privilege and direct defendants to file the so-called "Vaughn" index disclosing the dates, senders, and receivers and a summary description of the documents in question. Thereafter, complainant is given leave to address the question of privilege as to such documents it chooses.

August 31, 1989

This matter is back before this Court on Demurrers to the Amended Bill of Complaint and Motions to Compel.

The Demurrer of Crossland to Count 3 will be overruled. Sufficient allegations, taken to be true for purposes of this Demurrer, are made as to Crossland's status as a Declarant and its liability for warranty obligation. Crossland's Demurrer to Count 8 will likewise be overruled. Alternative facts and theories of recovery against alternative parties may be pleaded. Code of Virginia, § 8.01-281; Rule 1:4(k), Rules of Court.

Crossland's Demurrer to Count 7, the Breach of Contract Claim, must be sustained. The Complainant enjoys only an incidental benefit to the contract between Crossland and the J. E. Robert Co. by having repairs, maintenance, and upkeep of its common elements during the period of Declarant control and by having the remaining units sold. The benefit to third parties must be specifically intended by the contract and not incidental. The third-party beneficiary theory, codified in Code of Virginia, § 55-22, was not intended to create a contract when no contract exists. *See, Burton v. Chesapeake Box, et al.*, 190 Va. 755, 767 (1950).

Plank's Demurrer to Count 5 will be overruled.

Crossland's Motion to Compel responses to its Requests for Admission will be granted in part and complainant directed to admit or deny the following Requests for Admission: 16, 21, 34, 35, 87, 48 through 56, 59, 61, 58, 86, 100 through 122, and 129.

Objections are sustained to the following Requests for Admission: 47, 57, 63, 64, 65, 75, and 85.

Complainant's Motion to Compel a more complete "Vaughn" index is denied, and complainant's Motion to Compel production of two letters to the Federal Home Loan Bank Board will be granted. Crossland's Motion for Complete Production of redacted documents, in view of Complainant's claim of attorney-client privilege, is denied.

Complainant's Motion to Compel the defendant Plank to produce certain documents in his possession by virtue of a separate suit in the United States District Court is denied as to any document in his possession supplied by any other party to that action. If access is granted by the Federal Court to complainant, then this Court will order their production.

Complainant's Motion to Compel the McLean Bank to produce the records of its accounts will be granted.

## February 7, 1990

On the Plea in Bar filed by defendants Plank, Crossland, RSSC, Starinieri, Garcia, and Kelly, upon consideration of the memoranda filed, the exhibits, discovery materials, and the authorities cited by the parties, the Court is of the opinion that the Pleas in Bar before the Court must be sustained as to Count VIII (a) and (b) (fraud and constructive fraud) and denied as to Count I (breach of fiduciary duties).

The denial of these pleas as to Count I is without prejudice to these defendants to assert the statute of limitations as a trial defense upon a proper showing.

## May 3, 1990

This matter is before the Court on complainant's Motions to Compel Discovery after defendants have asserted the attorney-client privilege and the work product exception.

The parties have agreed that once the Court rules on issues of the joint representation exception to the privilege, the times of the representation of the various clients and whether documents setting forth the mental

and legal impressions of the attorneys are protected, they would apply the rulings to the documents in question.

With respect to internal memoranda of counsel setting forth their impressions, the Court rules that any such document is privileged and need not be turned over even to former clients. The time periods in question, while more easily determined by counsel, appear to be from March of 1984 through November, 1986.

While the Court finds that the joint client exception to the attorney-client privilege applies, the applicability of the exception will only be to those matters of common interest and concern. The mere fact that an attorney has represented two or more clients jointly does not give either client *carte blanche* to all files involving the other client or clients. This is so even where the joint representation comes about because of fiduciary relationship.