## Richmond

CURBURNA HICKS

v.

COMMONWEALTH OF VIRGINIA

No. 1546-92-2

Decided January 11, 1994

536

COUNSEL

Esther J. Windmueller, Assistant Public Defender (David J. Johnson, Richmond Public Defender, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, the defendant contends that an incriminating statement he made to an accomplice's attorney was inadmissible because it was a privileged communication with the attorney. We hold that the defendant's communication to the attorney was privileged and was not admissible into evidence without the defendant's waiver of the privilege.

During a search of the accomplice's apartment, the police found the defendant, the accomplice and a third person in the kitchen. When found, the accomplice was trying to stuff a paper bag behind a washing machine. The bag contained money and heroin. The defendant, who was standing five feet from the accomplice, was searched and found to have heroin in his coat pocket. The police charged the defendant with possession of heroin with the intent to distribute. The police also charged the accomplice, who later pleaded guilty to possession of heroin.

After a public defender was appointed to represent the defendant, the accomplice's attorney requested that the defendant meet with him and the accomplice. The defendant went, without his appointed attorney, to the office of the accomplice's attorney.[1] The defendant testified that he went to the meeting voluntarily and with the expectation that the accomplice's attorney and his own attorney would be working on the case together. At trial, the attorney testified that during the meeting the defendant admitted that the heroin in the bag belonged to him.

---

[1] A lawyer is prohibited from communicating "with a party he knows to be represented by a lawyer . . . unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." DR 7-103. We are unable to determine in this case if the accomplice's attorney violated this disciplinary rule, nor are we required to do so. However, our failure to so conclude should not be construed as approval of the attorney's action.

■ An attorney may not divulge a professional confidence made to him by his client. *Commonwealth v. Edwards*, 235 Va. 499, 508-09, 370 S.E.2d 296, 301 (1988). This privilege extends to communications among co-defendants and their attorneys when engaged in consultation about their defense. *Chahoon v. Commonwealth*, 62 Va. (21 Gratt.) 822, 836-42 (1871). It is "natural and reasonable, if not necessary, that . . . parties, . . . charged with the same crimes, should meet together in consultation with their counsel, communicate to the latter all that might be deemed proper for them to know, and to make all necessary arrangements for the defence." *Id.* at 839. "[I]t follows as a necessary consequence, that all the information, derived by any of the counsel from such consultation, is privileged, and the privilege belongs to each and all of the clients, and cannot be released without the consent of all of them." *Id.* at 842. This rule applies even to a defendant present at such a conference without his attorney. *See id.* at 839.

■ This privilege has not been overruled or discarded; on the contrary, it has been reaffirmed. In a recent case arising in Virginia, the Fourth Circuit recognized the continued vitality of the "common interest rule." *In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990). Whether an action is civil or criminal, potential or actual, whether the commonly interested parties are plaintiffs or defendants, "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *Id.*; *see also In the Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 126 (3d Cir. 1986); *United States v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 874 F.2d 20, 28 (1st Cir. 1989); *United States v. McPartlin*, 595 F.2d 1321, 1336 (7th Cir.), *cert. denied*, 444 U.S. 833 (1979).

Although the defendants in *Chahoon* were charged with a conspiracy and had been indicted jointly, the principle recognized in *Chahoon* is not limited to prosecutions for conspiracies or to persons charged in a joint indictment. The court did not rest its decision on either of these circumstances. *Chahoon*, 62 Va. (21 Gratt.) at 841 (defendant appealed convictions for forging and uttering for which the defendants were severally indicted). Instead, the court spoke of the need for such a privilege among persons charged with the same crime and grounded its decision on the need of such persons to consult together about their defense and the futility of such consultation without the protection of-

fered by the privilege. *Id.* at 842. *See also In re Grand Jury Subpoenas,* 902 F.2d at 249.

The police charged the defendant and the accomplice with the same crime and each was represented by counsel. The defendant, having not been advised otherwise, reasonably may have thought that he, the accomplice and their attorneys were mutually engaged in the defense of both him and his accomplice. Therefore, the defendant's communications to his accomplice's attorney were shielded by the attorney-client privilege, even though they were not charged with a conspiracy and were not jointly indicted.

The presence of another, unrepresented third party at the meeting does not waive the defendant's privilege in this case. Here, the third party, though ultimately not charged, was with the defendant and the accomplice in the apartment with the drugs when the police searched. Thus, she was a potential co-defendant and shared an interest in a common defense effort.

■ The defendant's objection to the admissibility of the attorney's testimony, although failing to refer the trial judge to any specific authority or to expressly articulate the problem as one of attorney-client privilege, was sufficient to permit our review of the issue on appeal. An objection "is sufficient . . . if 'at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objections to the actions of the court and his grounds therefor.' " *Campbell v. Commonwealth,* 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) *(en banc).*

The Attorney General attacks only the adequacy of the defendant's description of his grounds for the objection. The defendant objected before the attorney testified, asking that he not be permitted to testify concerning what the defendant said to him at the meeting. Thus, the objection was made timely, and the action the defendant sought and the basic grounds for the action were clear.

The defendant's attorney based the objection on "the policy under the *Miranda* rulings and under the ethical canons that address this kind of issue." While she did not expressly state that the objection was based on the attorney-client privilege, the objection concerned the professional role of the accomplice's attorney and the defendant's need to consult with his attorney, concerns that also underlie the application of the attorney-client privilege. The application of the privi-

lege infrequently occurs in this context, as is demonstrated by the absence of any reported appellate decision in Virginia concerning this issue in over one hundred years. The trial judge understood what was being asked of him and knowingly ruled on the issue. We hold that the objection of the defendant's attorney sufficiently preserved the issue for consideration on appeal.

Finally, this error was not harmless. Prejudice is evident from the trial judge's explicit statement that he disbelieved the defendant's testimony insofar as it conflicted with the attorney's testimony.

For these reasons, we conclude that the trial court erred in admitting the evidence of the defendant's statement to his accomplice's attorney. The judgment of conviction is, therefore, reversed, and the proceeding is remanded for a new trial.

*Reversed and remanded.*

Benton, J., and Coleman, J., concurred.