# CIRCUIT COURT OF THE CITY OF RICHMOND

James K. Cluverius,
Ancillary Administrator c.t.a.
of the Estate of
Kenneth O. Fisketjon,
deceased

v.

James McGraw, Inc.,
George W. Sydnor, Jr.,
and Valley Forge Life Ins. Co.

Case No. HI-618-1

BY JUDGE MELVIN R HUGHES, JR.

February 11, 1998

In this case, the plaintiff, the administrator of the estate of Kenneth O. Fisketjon, (plaintiff or Estate) has filed a Bill of Complaint seeking specific performance and a constructive trust regarding two life insurance policies issued on the life of Fisketjon. The defendants are James McGraw, Inc., a corporation with which Fisketjon was associated and which bought the policies; George W. Sydnor, Jr., President of McGraw; and the insurer, Valley Forge Insurance Co.

Before the court for decision is a Motion to Intervene filed by Fleet Capital Corporation (Fleet), a senior secured lender of McGraw. A full factual summary of the pleadings is set out in the court's letter of November 6, 1997 [43 Va. Cir. 540] ruling on the defendants' demurrer. Here, only the undisputed facts necessary to decide Fleet's motion to intervene need be mentioned.

The policies were issued in December 1995. McGraw was the owner and beneficiary of one policy (the Corporation policy). George W. Sydnor, Jr., was the owner and beneficiary of the other policy (the Sydnor policy). Each policy has a face value of $1,000,000.00. McGraw and Fisketjon entered into a written Stock Redemption Agreement (SRA) dated May 15, 1996, with subsequent amendments dated September 19 and September 30, 1996. McGraw agreed to maintain the two policies, although Fisketjon was given the option to transfer either or both of the policies at his sole cost and expense. Whether this transfer occurred remains at issue.

After Fisketjon died unexpectedly, plaintiff sought the proceeds of the Corporation policy. The insurer refused to release the proceeds because Fleet had asserted a lien on the proceeds to the extent of $500,000.

According to Fleet's Motion to Intervene, before his death Fisketjon agreed in an Amended and Restated Subordination Agreement dated September 30, 1996 (the closing date of the SRA) that payment of certain notes under the Stock Redemption Agreement were subordinated to any indebtedness owed to Fleet by McGraw. The motion goes on to state that under an undated Collateral Assignment, McGraw assigned $500,000 of the corporate policy on Fisketjon's life to Fleet. Thus, Fleet contends, it has a lien on $500,000 of the insurance proceeds originally issued to McGraw and now payable to the estate.

The issue presented is whether Fleet should be permitted to intervene. Fleet contends that its lien against the life insurance policy proceeds gives it an interest in the outcome of this case and represents a claim which is germane to the subject matter of the case. Fleet also maintains that it will be adversely affected if it is not permitted to intervene. In response, the Estate asserts that the interest asserted here by Fleet is neither germane to the subject matter of the lawsuit nor relevant to a right involved in the suit. The plaintiff is concerned that permitting the intervention of Fleet will substantially enlarge upon the scope of the issues currently before the court.

"A new party may by petition filed by leave of court assert any claim or defense germane to the subject matter of the suit." Va. Sup. Ct. R. 2:15. The term "germane" has been defined to mean "relevant to or closely allied." *Black's Law Dictionary* 687 (6th ed. 1990). Although leave to amend should be granted liberally, a new party may not intervene unless he asserts some right involved in the suit. *Layton v. Seawall Enters., Inc.*, 231 Va. 402, 405 (1986) ("connection between the subject matter of the main case and the intervening petition was too attenuated and indirect for the latter to be germane to the former"). "A party is not entitled to intervene in litigation . . . merely because one byproduct of the settlement may be that he is

adversely affected." *Aquia Harbour Property Owners Assoc., Inc. v. Stafford County Bd. of Suprv'rs*, 12 Va. Cir. 114 (Stafford Co. 1987).

In the November 6 ruling on the defendants' demurrer, the court stated:

> the facts and matters alleged under the agreement are sufficient to state a cause of action exclusive of naming Fleet as a party as the agreement alleged is one between the named parties, creating rights and responsibilities among them . . . . [I]t is sufficient that plaintiff has alleged a failure to pay the corporation policy proceeds in his capacity as an interested beneficiary of an insurance · policy.

[43 Va. Cir. 540, 543.]

On the one hand, the rights at issue pertain to an interpretation of the Asset Purchase Agreement and accompanying promissory note between McGraw and Fisketjon and whether the proceeds of two life insurance policies should be paid directly to the Estate. On the other hand, Fleet's dispute concerns the terms of the Subordination Agreement, which states that Fisketjon (i.e., the Estate) may not initiate or participate with others in any suit against McGraw to collect the whole or any part of the subordinate indebtedness without Fleet's consent. In addition, the Collateral Assignment of Life Insurance Policy prospectively assigns the payment of $500,000 in corporate policy proceeds from McGraw to Fleet. While both claims pertain to determining which entity is entitled to a portion of the insurance proceeds payable by Valley Forge, this is not to say that the Estate's claim is "relevant to or closely allied" with the claim by Fleet. On the contrary, these claims are directly at odds and will only serve to confuse the determination of issues at trial. The court declines to adjudicate *concurrently* the rights allegedly granted under these two sets of agreements.

Further, the court finds that adjudication of the claims in the main case will not adversely impact Fleet's interests. Intervention is made unnecessary by a letter dated December 30, 1997, from plaintiff to counsel for Fleet. Plaintiff pledged that if Valley Forge pays out the $1 million due under the Corporation policy, the Fisketjon Estate will place the $500,000 claimed by Fleet in an escrow account until the lender's dispute is resolved. The lien allegation is the *sole* obstacle preventing Valley Forge from paying out on the Corporation policy. This fact is pleaded in paragraphs 40 and 41 of the Bill of Complaint. There is no dispute that the Estate is entitled to have the proceeds of the corporate policy applied to retire McGraw's promissory note to the decedent; it is just a matter of determin-

ing "how much" may be paid out without encroaching upon the proceeds allegedly encumbered by Fleet's lien.

Once Fleet formally advises Valley Forge that its lien is limited to $500,000, there is no basis for the insurer to refuse payment on the *undisputed* $500,000 to the Fisketjon Estate. With the $500,000 balance placed in escrow, Fleet's interests will be unaffected by the partial payment of corporate policy proceeds to the Estate. "Intervention allows willing claimants to come into court and join a lawsuit already in progress so that their interests may be defended." W. Hamilton Bryson, *Handbook on Virginia Civil Procedure*, 181 (2d ed. 1989). According to the terms of the letter quoted above, Fleet's interests are no longer at risk.

In conclusion, the Motion to Intervene is overruled on two grounds: (1) the documents underlying the main case and the intervening petition are not sufficiently germane to justify adjudication in the same proceeding; and (2) adjudication of the claims in the main case will not adversely impact the determination of Fleet's interests in any future proceeding. Counsel for the plaintiff is directed to draw an Order overruling the Motion for the reasons stated and make provisions for the movant and the defendants to note any exceptions.

## March 30, 1998

Plaintiff has brought on for a hearing a Motion to Compel regarding a Request for Production of Documents filed with the defendants in the case. Specifically, the Request asks for copies of written communications between counsel for defendant McGraw and counsel for defendants Sydnor, Valley Forge or Fleet Capital Corporation, a non-defendant. The Request is opposed by the defendants on the basis of attorney-client privilege, work product doctrine, and common interest doctrine. Plaintiff has asked that the documents be produced to the court for an *in camera* review if the court does not require the production. Following a March 25, 1998, hearing on the motion, the court took the matter under advisement.

The facts as set out in the pleadings have been stated previously in letters by the court ruling on defendants' Demurrers and on Fleet's Motion to Intervene. The court will rely on those statements for purposes here.

At the hearing, counsel for McGraw presented a three-page document titled "Attorney-Client Privilege and Work Product Document Log." It lists various letters, notes, and fax cover sheets with dates, to whom such material was directed, from whom it was sent, and a brief description of each document.

Plaintiff argues that the attorney-client privilege and work product doctrine do not apply because disclosure to others waives these protections. Further, plaintiff argues, Virginia law does not recognize the common interest doctrine. If it does, the recognition only goes to criminal cases where more than one defendant face the same charge.

The court agrees with the defendants that the common interest doctrine is an exception to the waiver of the attorney-client privilege or work product doctrine. While the concept of a joint defense first arose in Virginia in the criminal context, *(see Chahoon v. Commonwealth*, 62 Va. (21 Gratt.) 822 (1871)), the Virginia Court of Appeals has spoken to the concept as well. And while the Court of Appeals has addressed the question in a criminal context, the language in the case, which is admittedly *dicta*, suggests that the doctrine can apply to a civil proceeding as here. In *Hicks v. Commonwealth*, 17 Va. App. 535, 537 (1994), the Court stated:

> Whether an action is civil or criminal, potential or actual, whether the commonly interested parties are plaintiffs or defendants, "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."

*Id.* at 537 (quoting *In re Grand Jury Subpoenaes 89-3 and 89-4, John Doe 89-129*, 902 F.2d 249 (4th Cir. 1990) (recognizing the continued vitality of the "common interest rule")).

Because the defendants McGraw, Sydnor, and Valley Forge have similar interests in their defenses to plaintiff's claims, they should be free to communicate among themselves, through counsel, about those concerns. However, although Fleet may share common interests with the defendants, it is not a "party" to this litigation. Disclosures by counsel for McGraw, Sydnor, or Valley Forge to counsel for Fleet are not protected by the common interest doctrine but are safeguarded by the work product doctrine. The work product protection exists:

> to promote the adversary system by safeguarding the fruits of an attorney's trial preparation from the discovery of the opponent . . . [W]hile the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege.

*F.E.C. v. Christian Coalition*, 1998 U.S. Dist. Lexis 429 *43 (E.D. Va. Jan. 20, 1998) (quoting *United States v. A. T. & T. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

> [I]n resolving the question of whether matters are immune from discovery because of a work product rule, attention must be turned first to whether the documents . . . were prepared in anticipation of litigation or for trial and then, for materials other than legal opinion or theory, to whether the requesting party has demonstrated substantial need.

*Id.* at *41 (citing *National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983-84 (4th Cir. 1992)).

Here it is not disputed that the documents exchanged between McGraw, Sydnor, Valley Forge, and Fleet were prepared in conjunction with the instant suit between the Estate, McGraw, Sydnor, and Valley Forge. Although Fleet is not a party to that suit, its counsel was communicating with the defendants' counsel for the purposes of assisting in their defense. No waiver has been demonstrated. Further, the plaintiff has not demonstrated "substantial need" to warrant disclosure of these documents.

For this reason, the court will, for now, deny plaintiff's Motion to Compel. Plaintiff may renew the motion after pursuing other discovery according to the terms of Rule 4:1(b)(3).