# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jitendra Patel et al.

v.

Clifford Kent Allison et al.

### Case Nos. CL98-1398, CL97-1399

Anand, L.L.C.

v.

Clifford Kent Allison et al.

### Case No. CL98-1519

Anand, L.L.C.

v.

Deep Enterprises et al.

### Case No. CL99-1371

Nayan K. Bhatt et al.

v.

Clifford Kent Allison et al.

### Case No. CH99-2066

Anand, L.L.C., et al.

v.

Clifford Kent Allison et al.

### Case No. CL99-1102

### October 30, 2000

BY JUDGE CLIFFORD R. WECKSTEIN

Clifford Kent Allison was a lawyer. With the knowledge and consent of everyone involved, Allison and his law firm represented Dilip R. Patel and several other persons and business entities in matters related to a ground lease for a motel in Hampton. Allison and his former clients are parties to suits in Virginia Beach and Hampton, arising out of these matters.

Allison has surrendered his license to practice law and pleaded guilty to felonies for which he is soon to be sentenced in federal court. He says that, before his crimes were discovered, he gave false, misleading, and incomplete discovery responses and deposition testimony in these suits.

Last week, Allison, through counsel, tendered "corrected discovery and deposition responses." Dilip R. Patel filed objections, asserting that attorney-client privilege should bar release of some of Allison's amendments and corrections and of some exhibits to Allison's responses. At Dilip R. Patel's request, the court has conducted an *in camera* review of Allison's responses, which (also at Dilip R. Patel's request) have been sealed pending further order.

I have reviewed Allison's responses, Dilip R. Patel's objections, and, where necessary for understanding, Allison's original discovery responses and deposition answers. Because Allison is scheduled to give new deposition testimony on November 3, I promised a quick review and response. For the reasons that follow, the court, having considered arguments of counsel and the relevant authorities, overrules Dilip R. Patel's objections and finds that attorney-client privilege does not entitle him to protect any of Allison's responses from disclosure to the other parties to these suits.

All of the individuals and entities who are parties to these suits were Allison's clients in the transactions which are the subjects of his corrected responses. "With regard to the attorney-client privilege, the prevailing rule is that as between commonly represented clients the privilege does not attach." *Rules of the Supreme Court of Virginia, Part VI, Virginia Rules of Professional Conduct,* Rule 2.2, Comment 6. "Except in unusual

circumstances, where the common law duty is limited by some contract, there can be no secrets among jointly represented clients." Thomas E. Spahn, *Virginia's Attorney-Client Privilege and Work Product Doctrine*, Virginia Law Foundation (3d ed. 1998), § 2.203.

> Where an attorney is consulted by two parties in a matter of common interest for their mutual benefit, nothing said by the parties or the attorney is deemed confidential in litigation between those parties or their personal representatives since their common interest forbids concealment of statements made by one from the other. (*See,* Richardson, *Evidence* § 413 (Prince 10th ed.); Annotation, Attorney-Client Privilege Joint Clients, 4 A.L.R. 4th 765, 781; *cf., Wallace v. Wallace,* 216 N.Y. 28, 109 N.E. 872; *Old Homestead Enters. v. Hall, Jr., Enters.,* 102 A.D.2d 935, 477 N.Y.S.2d 519; *Brandman v. Cross & Brown Co.,* 125 Misc. 2d 185, 479 N.Y.S.2d 435; *Matter of Swantee,* 90 Misc. 2d 519, 394 N.Y.S.2d 547.)

*Dooley v. Boyle,* 140 Misc. 2d 177, 531 N.Y.S. 2d 161 (1988).

Allison's credibility is, of course, suspect, but evaluations of the weight and credibility of witnesses are to be made at trial by the trier of fact. For the purpose of ruling on the question of attorney-client privilege, I must treat Allison's amended responses as truthful.

There is a "crime-fraud exception" to the attorney-client privilege. If what Allison says is true, then communications between him and Dilip R. Patel, which Dilip R. Patel seeks to keep confidential, were made in actual or attempted perpetration of fraud or contemplation of crime.

"There is a privilege protecting communications between attorney and client. The privilege takes flight if the relation is abused. A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law. He must let the truth be told." *Clark v. United States,* 289 U.S. 1, 15, 77 L. Ed. 993, 53 S. Ct. 465 (1933). Virginia recognizes the existence of this exception. *Cf. Sevachko v. Commonwealth,* 32 Va. App. 561, 573-75, 529 S.E.2d 803 (2000) (Coleman, J., concurring and dissenting).

> The protection which the law affords to communications between attorney and client has reference to those which are legitimately and properly within the scope of a lawful employment and does not extend to communications made in contemplation of a crime, or perpetration of a fraud. . . . The rule of privilege is defensive, not

offensive. If the communication between attorney and client relates to unlawful or fraudulent accomplishment, higher public policy, and the duty of an attorney to society as a whole, abrogates the privilege. . . . "The perpetration of a fraud is outside the scope of the professional duty of an attorney and no privilege attaches to a communication and transaction between an attorney and client with respect to transactions constituting the making of a false claim or the perpetration of a fraud."

*Seventh Dist. Committee of the Va. State Bar v. Gunter*, 212 Va. 278, 287, 183 S.E.2d 713 (1971) (citations omitted).

When and if Allison testifies at trial, the trier of fact will have the opportunity to evaluate his testimony and to determine whether to accept or disregard in whole, or in part, anything that he says. Treating the contents of his response as true solely for the purpose of evaluating the claim of privilege establishes a *prima facie* basis for application of the crime-fraud exception. *Cf. United States v. Zolin*, 491 U.S. 554, 562-75, 105 L. Ed. 2d 469, 109 S. Ct. 2619 (1989); *Clark v. United States*, 289 U.S. 1, 15 (1933).

Exhibits C, D, F, and K to Allison's corrected responses appear to be ledger cards from his law office, listing receipts and disbursements. Exhibit C purports to reflect an investment account of Dilip R. Patel; Exhibit D purports to reflect receipts and disbursements in connection with the sale of a business by Dilip R. Patel; Exhibit K is a copy of exhibits A through E; and Exhibit F purports to reflect receipts and disbursements for "Coliseum Inn/Dilip Patel, Rajesh Patel." The Coliseum Inn transactions are those which were the subject of Allison's joint or mutual representation; Rajesh Patel, individually or as a corporate shareholder, was among Allison's clients.

"Many decisions emphasize that the attorney-client privilege protects from disclosure only *communications* — not underlying factual information that the client provides to the lawyer or the lawyer acquires from a third party and supplies to the client." Spahn, § 4.2. In order for privilege to shield documents from disclosure, "the information in the documents must be confidential and the transfer [of information in the documents between client and lawyer] must have been made to obtain legal advice." *United States v. Miller, 660 F.2d 563 (5th Cir. 1981)*. It is generally held that attorney-client privilege generally does not protect disclosure of information about, *inter alia*, attorney billing records, attorney fees, and fee arrangements. *See*, Epstein, *The Attorney-Client Privilege and the Word-Product Doctrine*, Fourth Edition (Section of Litigation, American Bar Association) (1997), pp. 47-72.

Having scrutinized Exhibits C and F, I cannot say that it appears that there is anything in them that seems to reflect protected information communicated from client to lawyer, or lawyer to client, within the ambit of a client-lawyer relationship. The burden of showing that the privilege applies is upon the party who asserts it. *See Cypress Media Inc. v. City of Overland Park,* 268 Kan. 407, 997 P.2d 681 (2000); *Epstein* at 24-30.

One of Allison's lawyers had distributed his corrected response to other counsel in the pending suits, to the prosecutors who indicted Allison, and to counsel for the Virginia State Bar and had filed a copy with the clerk. After a telephone conference, I ordered that the copies in the hands of counsel and the clerk be sealed pending further order; Dilip R. Patel's lawyer represented that the prosecutors and bar counsel had agreed to abide by my order, in the same manner as if their clients had been parties to the suits in which I am presiding. I will now order that counsel in the pending cases may unseal and use the contents of Allison's corrected responses in preparing for and examining Allison and in trial preparation; counsel may reveal the contents of Allison's corrected responses to their clients. Because I recognize that Allison's allegations about utterances and conduct of Dilip R. Patel and others likely would cause annoyance, embarrassment, oppression, or other undue burden or expense, *see* Rule 4:1(c), the court further orders that counsel not furnish copies of Allison's corrected responses to their clients, or anyone else, pending further order. For the same reason, and pending further proceedings, which may be initiated by any party in interest, including representatives of the press, the court will order that the clerk's copy of Allison's corrected and amended responses remain under seal. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984); *Shenandoah Publishing House v. Fanning,* 235 Va. 253, 368 S.E.2d 253 (1988).