## CIRCUIT COURT OF THE CITY OF NORFOLK

RML Corp.

v.

Assurance Co.
of America

October 25, 2002

Case No. (Chancery) CH02-127

BY JUDGE JOSEPH A. LEAFE

This matter comes before the court on Defendant Assurance Company of America's (hereinafter "Assurance") Motion to Compel Plaintiff RML Corporation (hereinafter "RML") to respond to Assurance's Interrogatories and to produce documents in response to Assurance's Request for Production. For the reasons stated below, Defendant's Motion to Compel is denied.

Plaintiff RML filed a Motion for Protective Relief asking the Court to mandate that Defendant Assurance Company of America allow Plaintiff RML

Corp. "to deal directly with in-house counsel for [Defendant] concerning the prosecution and settlement for the Third-Party Claims." (Pl.'s Mot. for Entry of Scheduling Order & for Protective Relief ("Pl.'s Mot. for Protective Relief") ¶ 9.) Plaintiff asks the Court to force Defendant Assurance to allow Plaintiff RML to deal directly with Defendant's in-house counsel in matters relating to the separate action on the Third-Party claims. (Pl.'s Mot. for Protective Relief ¶ 9.) Plaintiff RML's insistence that Defendant Assurance provide different counsel for the two actions is unreasonable. Assurance is a party in both actions, and this Court finds no legal or factual basis for the relief sought. RML's Motion for Protective Relief is denied.

Plaintiff RML brought this suit in equity seeking a declaratory judgment and damages for breach of contract from Defendant Assurance. (Pl.'s Bill for Declaratory J. ¶¶ 23, 28-30.) In *Bay Point Condominium Ass'n v. RML Corp.*, Bay Point sued RML for damages to the condominium. *Id.* at ¶ 9. Assurance agreed to defend RML in the action, but under a reservation of right, retaining its right to deny coverage. *Id.* at ¶¶ 10-11. Ultimately, the case was settled. *Id.* at ¶ 13. RML paid $650,000 to Bay Point Condominium Association, and Assurance paid $250,000. *Id.* at ¶¶ 14-15. In the Settlement Agreement, the parties did not mention any of the specific claims and instead simply settled all claims for the agreed amount. *Id.* at Ex. E.

RML now seeks a declaratory judgment regarding the apportionment of the settlement among the separate claims that the condominium association asserted against RML. *Id.* at ¶ 23. RML asserts that Assurance breached its contract to insure and defend RML. *Id.* at ¶ 27. RML was forced to hire independent counsel because Assurance defended RML under a reservation of right. *Id.* at ¶ 28. RML contends that Assurance should have paid the entire settlement amount. *Id.* at ¶ 27. Therefore, RML seeks a declaratory judgment that the involved claims should have been covered by the insurance policy. *Id.* at ¶ 23.

*Motion to Compel: Interrogatories ## 1-8*

Defendant Assurance contends in its Motion to Compel that RML will have the burden of proof at trial on the issue of apportionment of the settlement amount among covered and non-covered claims. (Def.'s Mot. to Compel ¶ 9.) Because RML has this burden of proof at trial, it should be required to answer Defendant's Interrogatories 1-8 and specify the amount

attributable to each of Bay Point's claims against RML. (Def.'s Mot. to Compel.)

Plaintiff RML contends that it does not have to allocate at this time because the burden of proof is on the insurance company to show non-coverage. (Pl.'s Br. in Opp'n Mot. to Compel at 3-4.) RML asserts that, even if the burden was on RML, allocation is inappropriate because each claim far exceeded the amount of the settlement. *Id.* at 2. Allocation is also inappropriate because all of the claims arose from the same damages and each claim covered the entire amount. *Id.* For the reasons discussed below, the Court denies Defendant Assurance's Motion to Compel Plaintiff RML to answer Interrogatories ## 1-8.

*Motion to Compel RML to Answer Interrogatories ## 1-8 is Denied*

The courts of Virginia have not addressed the issue in this case. However, there are cases establishing the general burdens of proof in cases between insurance companies and those attempting to collect from insurance companies when there is a dispute over whether a particular claim is covered or not.

In *Maryland Casualty Co. v. Cole*, the Virginia Supreme Court held that "[t]he burden is on the policyholder to bring himself within the policy." 156 Va. 707, 716, 158 S.E. 873, 876 (1931). An insured bears the initial burden of going forward with the case, though the insurer is required to show prejudice before it has the right to deny coverage for lack of cooperation with its defense of the insured, an affirmative defense. *Erie Ins. Exch. v. Meeks*, 223 Va. 287, 290-91, 288 S.E.2d 454, 456-57 (1982). "It is elemental that a plaintiff must prove a *prima facie* case." 223 Va. at 291, 288 S.E.2d at 456. Only then does the burden shift to the defendant insurance company to prove its affirmative defense. 223 Va. at 291, 288 S.E.2d at 457; *see also Commercial Underwriters Ins. Co. v. Hunt & Calderone*, 261 Va. 38, 42, 540 S.E.2d 491, 493 (2001) ("The burden of proving the affirmative defense of materiality of a misrepresentation is on the insurance company."); *City of N.Y. Ins. Co. v. Greene*, 183 Va. 35, 39, 31 S.E.2d 268, 270 (1944) (holding that fraud or coercion is an affirmative defense that the insurance company must prove by clear and convincing evidence); *Aetna Ins. Co. v. Carpenter*, 170 Va. 312, 324, 196 S.E. 641, 646 (1938) (same).

The Fourth Circuit has found that "[u]nder Virginia law, a plaintiff has the burden of proving the amount of his damages with reasonable certainty, but he is not required to do so with mathematical precision; he need only present sufficient evidence 'to permit an intelligent and probable estimate thereof'."

*Atlantic Permanent Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 839 F.2d 212 (1988), *cert. denied*, 486 U.S. 1056 (1988) (quoting *Gwaltney v. Reed*, 196 Va. 505, 507-08, 84 S.E.2d 501, 501-02 (1954)). The Fourth Circuit placed the burden on the insured to allocate the settlement amount between covered and non-covered persons.

The Court finds that the Plaintiff has the initial burden to prove how much of the settlement was for claims covered by the policy. After Plaintiff has satisfied its burden, then Defendant has the burden to prove its affirmative defenses and to prove that exclusions apply. Therefore, the initial burden of allocation at trial is on the Plaintiff.

Because Plaintiff must prove that the settlement amount was paid in exchange for a covered claim as part of its prima facie case, Plaintiff must answer Interrogatories 1-8. Rule 4:1(b) of the Supreme Court of Virginia provides for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." and relating to the claim of any party. Plaintiff has failed to assert any privilege. As an element of its prima facie case, the basis for Plaintiff's claim of damages is discoverable. However, Plaintiff has answered the question sufficiently.

Rule 1:4(k) of the Supreme Court of Virginia provides that "[a] party may ... state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds," and allows parties to plead in the alternative. *See also Manassas Park Dev. Co. v. Offutt*, 203 Va. 382, 384, 124 S.E.2d 29, 31 (1962). "But alternative pleading is permitted as a modification of the general rule where the pleader has no knowledge as to which of two sets of facts should be alleged and the opposite party would be equally liable under either." *Id.* In Interrogatories 1-4, Defendant Assurance asks Plaintiff RML to "[i]dentify what portion of the $650,000 amount paid by or on behalf of RML" is allocable to each claim in the underlying lawsuit. (Pl.'s Answers to Def.'s First Set of Interrogs. & Reqs. for Produc., at Interrogs. 1-4.) Plaintiff RML answered, "The $650,000 paid by RML was part of a global settlement. Each of the Plaintiff's claims far exceeded the settlement amount." *Id.* at Answers 1-4. In Interrogatories 5-8, Defendant Assurance asks Plaintiff RML to "[i]dentify what portion of the $250,000 amount paid by Zurich" is allocable to each claim in the underlying lawsuit. *Id.* at Interrogs. 5-8. Plaintiff RML answered that "any one of those claims, standing alone, far exceeded [Defendant's] contribution toward settlement." *Id.* at Answers 5-8. It is clear that Plaintiff RML is asserting alternative facts or theories of recovery. Therefore, Plaintiff RML's answer is sufficient at this point in the proceedings. Defendant's Motion to Compel RML to answer Interrogatories ## 1-8 is denied.

*Motion to Compel: Production of Attorney-Client*
*Correspondence and Documents*

Defendant also seeks in this motion to compel Plaintiff to produce all correspondence and documents concerning or relating to communications between Plaintiff and its independent counsel in relation to the underlying case. (Def.'s Mot. to Compel ¶¶ 9-15 [10-16].[2]) Defendant asserts that the correspondence and documents are not protected by the attorney-client privilege because the common interest doctrine applies and mandates disclosure. (Def.'s Mot. to Compel ¶ 14 [15] (relying on *Waste Mgt., Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322, 326-29 (Ill. 1991)).) Defendant also asserts that the work-product doctrine does not protect the documents and correspondence because Plaintiff has placed "at issue" the conduct of RML and its counsel in the underlying case. (Def.'s Mot. to Compel ¶ 15 [16] (citing *Waste Mgt.*, 579 N.E.2d at 329-31).) Defendant claims that "RML simply cannot keep hidden from Assurance the work that was done to generate fees for its representation in the underlying litigation where it seeks to have Assurance pay for those fees." (Def.'s Supplemental Mem. in Supp. of Mot. to Compel (Def.'s Supp. Mem."), at 6.)

Plaintiff argues that *Waste Management* is not the appropriate case for determining whether the common interest doctrine applies in this situation because it "has been criticized and rejected by most courts that have had the opportunity to visit the issue presented there, as here." (Pl.'s Brief in Opp. to Mot. to Compel ("Pl.'s Opp. Brief"), at 5 (quoting *In re Imperial Corp. of Am.*, 167 F.R.D. 447, 452 (S.D. Cal. 1995)).) Plaintiff also points to a Connecticut case that found that the interests of insurers and insureds are not all common. *Metro. Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 730 A.2d 51, 65 (Conn. 1999).

Defendant argues that the cases rejecting *Waste Management* are not relevant to the case at bar because the insurers in those cases did not have a duty to defend the policyholders or refused to defend the policyholders altogether. (Def.'s Supp. Mem., at 7.) Defendant points out that the refusal to defend the policyholder places the parties in adverse positions that vitiate the common interest doctrine altogether. *Id.* In this case, Assurance did defend RML in the underlying case and maintained a common interest. *Id.*

In addition, Plaintiff argues that it has not placed "at issue" the confidential information at issue. (Pl.'s Opp. Brief, at 6.) Plaintiff states that most courts have ruled that the mere assertion of the right to recover attorney's

---

[2] Defendant included two paragraphs numbered "9." Therefore, the numbers in brackets represent the number that should have been assigned to each paragraph.

fees does not constitute a waiver of the attorney-client privilege. *Id.* (citing *Northwood Nursing & Convalescent Home, Inc. v. Cont'l Ins. Co.,* 161 F.R.D. 293, 298 (E.D. Pa. 1995)).

For the reasons discussed below, the Court denies Defendant's Motion to Compel.

## *Motion to Compel Production of Attorney-Client Correspondence and Documents is Denied*

### A. *The Attorney-Client Privilege*

Under the attorney-client privilege, confidential communications between an attorney and his client during the course of the attorney's representation are protected from discovery. *See Commonwealth v. Edwards,* 235 Va. 499, 508-09, 370 S.E.2d 296, 301 (1988). This privilege is inconsistent with the general duty to disclose, impedes the investigation of the truth, and should be strictly construed. 235 Va. at 509, 370 S.E.2d at 301. Furthermore, "[t]he privilege may be expressly waived by the client, or a waiver may be implied from the client's conduct." *Id.* The proponent of the privilege has the burden of establishing the existence of the attorney-client relationship, the privileged nature of the communications, and non-waiver of the privilege. *See id.* (citing *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir. 1982)).

Closely related to the attorney-client privilege is the work-product doctrine. See *Edwards,* 235 Va. at 510, 370 S.E.2d at 302. Any "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs ... prepared by an adversary's counsel with an eye toward litigation" may be free from discovery. *Hickman v. Taylor,* 329 U.S. 495, 511 (1970); *Edwards,* 235 Va. at 510, 370 S.E.2d at 302. However, the Court also made clear that work-product is not "necessarily free from discovery in all cases." *Hickman,* 329 U.S. at 511. When materials are accumulated in the ordinary course of business or other non-litigation purposes, then they are not protected by the work-product doctrine. See *Edwards,* 235 Va. at 510, 370 S.E.2d at 302. Like the attorney-client privilege, privilege claimed under the work-product doctrine may be waived. *See* W. Hamilton Bryson, *Bryson on Virginia Civil Procedure* 348 (3d ed. 1997).

Granting or denying a request for discovery "is a matter within the trial court's discretion and will be reversed only if the action taken was improvident and affected substantial rights." *Rakes v. Fulcher,* 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970) (interpreting Rule 34 of the Federal Rules of Civil Procedure, which the Court found analogous to Virginia's Rule 4:9).

## B. *The Common Interest Doctrine*

The Court of Appeals for Virginia recognized the common interest doctrine in criminal trials in *Hicks v. Commonwealth,* 17 Va. App. 535, 439 S.E.2d 414 (1994). In the dicta of that case, the court stated that the common interest doctrine is not limited to criminal cases:

> Whether an action is civil or criminal, potential or actual, whether the commonly interested parties are plaintiffs or defendants, "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."

17 Va. App. at 537, 439 S.E.2d at 416 (quoting *In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129,* 902 F.2d 244, 249 (4th Cir. 1990)); *see also Cluverius v. James McGraw, Inc.,* 44 Va. Cir. 426, 430 (Richmond 1998). The court noted that the privilege belonged to all of the defendants and could not be released by one of them without every defendant's consent. *Id.*

The Circuit Court of Fairfax County, Virginia found that the common interest doctrine extended to defendants and third-party defendants because of their common interest of defending the suit against the plaintiffs. *In re Wyland,* 1998 Va. Cir. LEXIS 571, at *3 (Fairfax County Nov. 3, 1998). The Circuit Court for the City of Alexandria noted that the exception applies only to matters of common interest and concern. *Board of Dirs. of Port Royal Condo. Unit Owners' Ass'n v. Crossland Sav. F.S.B.,* 19 Va. Cir. 8, 11 (Alexandria 1989). "The mere fact that an attorney has represented two or more clients jointly does not give either client carte blanche to all files involving the other client or clients." *Id.* However, the Circuit Court of the City of Virginia Beach points out that the attorney-client privilege as between commonly interested parties does not attach. *Patel v. Allison,* 54 Va. Cir. 155, 156 (Va. Beach 2000). There can be no secrets between jointly represented parties. *Id.* Therefore, in litigation between those parties, nothing can remain confidential. *Id.* The Circuit Court of Fairfax County has held that "the attorney-client privilege does not preclude an attorney, who originally represented both parties in a prior matter, from disclosing information in a subsequent action between the parties." *Duncan v. Duncan,* 56 Va. Cir. 262 (Fairfax County 2001).

The Circuit Court of the City of Richmond has limited the common interest doctrine to parties. *Cluverius v. James McGraw, Inc.*, 44 Va. Cir. 426, 430 (Richmond 1998). The court found that Fleet was not a party even though it shared a common interest with the parties. *Id.* However, Fleet's communications with the defendants were protected by the work-product doctrine. *Id.*

Virginia courts have recognized the common interest doctrine as a protection of communication between parties from disclosure to other parties. In the case at bar, RML hired independent counsel because Assurance alerted RML to the possibility that their interests were adverse when it notified RML that it would defend RML under a reservation of rights. The common interest doctrine is intended to enable a common defense rather than to open the files of co-defendants that choose to retain separate counsel. The common interest doctrine does not entitle Assurance to view the correspondence and documents between RML and its independent counsel in the underlying action. RML hired independent counsel in anticipation of later litigation against Assurance.

The Defendant relies heavily on *Waste Mgt., Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322 (Ill. 1991). In that case, an insured sought indemnification for a case that the insurer took no part in litigating. *Id.* at 324-26. The Illinois Supreme Court extended the common interest doctrine and applied it "where the attorney, though neither retained by nor in direct communication with the insurer, acts for the mutual benefit of both the insured and the insurer." *Id.* at 328. "It is the commonality of interests which creates the exception, not the conduct of the litigation." *Id.* at 329. Therefore, the court ordered the insured to produce its litigation files from the underlying action and turn the information over to the insurer. *Id.*

Many courts have criticized and rejected the rule laid out in *Waste Management. See In re Imperial Corp. of Am.*, 167 F.R.D. 447, 452 (S.D. Cal. 1995) (*Waste Management* "has been criticized and rejected by most courts that have had the opportunity to visit the issue presented there."); *N. River Ins. Co. v. Philadelphia Reins. Corp.*, 797 F. Supp. 363, 367 (D. N.J. 1992); *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 417 (D. Del. 1992); *Bituminous Cas. Corp. v. Tonka Corp.*, 140 F.R.D. 381, 386-87 (D. Minn. 1992) (finding the Illinois Supreme Court's extension of the common interest doctrine "unsound"); *Rockwell Int'l Corp. v. Sup. Ct.*, 26 Cal. App. 4th 1255, 1261-62, 32 Cal. Rptr. 2d 153, 156-57 (1994); *Eastern Air Lines, Inc. v. United States Aviation Underwriters, Inc.*, 716 So.2d 340, 342-43 (Fla. Dist. Ct. App. 1998) ("The extent of the attorney-client privilege is a matter of state law.") (citation omitted); *In re Envtl. Ins. Declaratory Judgment Actions*, 612 A.2d 1338, 1341 (N.J. Super. 1992) (holding that the common interest

doctrine is inapplicable where no joint defense exists or has been undertaken); *Owens-Corning Fiberglas Corp. v. Allstate Ins. Co.*, 660 N.E.2d 765 (Ohio Ct. C.P. 1993) (limiting common interest doctrine to situations where both parties are represented by same party); *Northwood Nursing & Convalescent Home, Inc. v. Cont'l Ins. Co.*, 161 F.R.D. 293 (E.D. Pa. 1995).

This Court also rejects the rule in *Waste Management*. The common interest rule does not entitle Assurance to examine the correspondence between RML and its independent counsel.

## C. *The "At Issue" Doctrine*

Under these circumstances it would seem clear that the client should be held to have waived her privilege and that the attorneys who acted for her in the transaction sought to be set aside should be permitted to give their version of the transaction, not only in the interest of justice to the parties to the litigation, but also for the protection of the attorneys themselves. To hold otherwise would subject the attorney to scurrilous and unjust attacks and convert the rule which was intended only as a shield for the client's protection into a weapon of offense against others. The authorities generally hold that a client who goes upon the stand in an attempt to secure some advantage by reason of transactions between himself and his counsel, waives his right to object to the attorney's being called by the other side to give his account of the matter. Such waiver, it is held, is in no sense contrary to public policy, but is in the interest of truth and justice.

*Grant v. Harris*, 116 Va. 642, 650, 82 S.E. 718, 720 (1914).

Plaintiff is asserting that it was required to hire independent counsel because Assurance should have protected it without a reservation of right. (Bill for Declaratory J. ¶¶ 12, 22-23, 26-28.) Plaintiff has not placed at issue the conduct of the litigation by counsel. Therefore, it appears that Plaintiff has not placed the privileged information "at issue" and should not be compelled to disclose it.

Plaintiff should not be compelled to produce the correspondence and other documents relating to its representation by independent counsel in the underlying case. The common interest doctrine does not apply to the situation in this case. The Plaintiff has not placed the privileged documents "at issue" and waived its privilege. Therefore, the motion to compel should be denied in its entirety.

"It is generally held that attorney-client privilege ... does not protect disclosure of information about, *inter alia*, attorney's billing records, attorney's fees, and fee arrangements." *Patel v. Allison*, 54 Va. Cir. 155, 158 (Va. Beach 2000). Defendant Assurance is seeking the documents and correspondence in order to evaluate the reasonableness of the attorney's fees that Plaintiff RML paid to its independent counsel in the underlying action. (Def.'s Supp. Mem., at 6.) The documents that Defendant needs to evaluate the reasonableness of the attorney's fees are not privileged. Defendant has failed to show that it is entitled to other correspondence and documents relating to the representation of RML in the underlying action.

## Conclusion

Defendant Assurance's Motion to Compel is denied. Plaintiff RML has sufficiently answered the Interrogatories at issue, and Plaintiff's communications with his counsel in the underlying action are privileged.