## CIRCUIT COURT OF ROCKINGHAM COUNTY

Alicia N. Brown

v.

Laboratory Corp. of Am.,
Laboratory Corp. of Am. Holdings,
Harrisonburg Physicians for Women, P.C.,
Laura A. Adams,
Philip A. Klim,
Harry G. Camper, III,
and Kirstiann L. Nevin

April 7, 2005

Case No. (Law) CL04-297

BY JUDGE JOHN J. MCGRATH, JR.

This matter came before this Court on Plaintiff's Motion to Compel Responses to plaintiff's Request for Production of Documents. Defendant objected to certain requests, claiming the work product privilege. Both parties prepared memoranda, and the Court heard arguments on March 21, 2005.

This litigation involves the alleged malpractice of a group of health care providers, following the death *in utero* of plaintiff's baby. One of the contested issues appears to revolve around certain tests for the anti-Kell antibody which defendant undertook during plaintiff's pregnancy. There is disagreement about whether the lab or one or more of the physicians is the party responsible for an alleged failure to detect and treat the presence of the antibody in the plaintiff's blood. Plaintiff is seeking discovery of two reports that one of the defendants, Dr. Klim, wrote following her infant's death because she believes these reports are relevant to the resolution of the controversy surrounding the tests for the anti-Kell antibody. As Dr. Klim is the

defendant involved directly in this matter by virtue of his having prepared the reports in issue, "defendant" in this opinion will refer to Dr. Klim.

Plaintiff filed her Motion for Judgment against defendants on April 7, 2004, and forwarded her Interrogatories and Requests for Production of Documents at that time. On May 24, 2004, Dr. Klim filed his answers, including objections to the requests for the two documents in issue on the basis of the work product doctrine. Plaintiff and defendants were not able to work out their disagreement, and plaintiff filed her Motion to Compel on March 1, 2005.

The reports at issue are dated December 21, 2002, and March 25, 2003. They followed close upon the death of plaintiff's infant, which occurred in November of 2002. There is no dispute that Dr. Klim prepared the reports before plaintiff commenced this litigation. Defendant does not allege that he, his insurer, or the plaintiff retained counsel prior to Dr. Klim's preparing the reports. Rather, he argues that the retention of counsel is not the relevant inquiry for determining whether the reports are work product. The issue in this case is therefore whether the reports should be protected as work product, even though they were neither prepared nor requested by an attorney and were prepared before the retention of counsel and the filing of a lawsuit.

Defendant argues that he prepared these reports in anticipation of litigation, as required by his malpractice insurer, and, as such, they are protected from discovery as work product. The work product doctrine exception to discovery is set forth in Supreme Court of Virginia Rule 4:1(b)(3) which provides for the protection of documents and tangible things prepared in "anticipation of litigation or for trial." "Any 'interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs . . . prepared by an adversary's counsel with an eye toward litigation' may be free from discovery." *RML Corp. v. Assurance Co. of Am.*, 60 Va. Cir. 269 (Norfolk 2002) (citing *Hickman v. Taylor*, 329 U.S. 495 (1970)). "When materials are accumulated in the ordinary course of business or other non-litigation purposes, then they are not protected by the work-product doctrine." *RML Corp.*, 60 Va. Cir. at 274. "Whether investigative reports or files are discoverable or are protected work product has been the subject of disagreement among the Virginia circuit courts, and the Supreme Court of Virginia has not decided this issue." *McDonald v. Sentara Medical Group*, 64 Va. Cir. 30 (Norfolk 2004).

"The majority of Virginia Circuits endorse the *Thomas Organ* rule. These cases are generally wary of creating an exception to the normal rules of discovery because of the very nature of the insurance company's business." *Lopez v. Woolever*, 62 Va. Cir. 198 (Fairfax County 2003) (citations omitted).

The *Thomas Organ* rule requires that reports or statements made by or to a party's agent, other than an attorney acting in the role of counselor, which have not been requested by nor prepared by an attorney, nor otherwise reflect the employment of an attorney's legal expertise, are presumed to have been made in the ordinary course of business and are thus not protected as work product. *Thomas Organ Co. v. Plovidba*, 54 F.R.D. 367 (N.D. Ill. 1972).

As the Fourth Circuit noted in *McDougall v. Dunn*, 468 F.2d 468 (4th Cir. 1972), reports such as the ones in issue aid in the fair resolution of disputes because they are taken immediately after the incident, involve a material issue, and assist in the preparation of trial. The purposes of discovery, as articulated in *Rink v. Mikris*, are:

> clarifying the issues between the parties; ascertaining facts relative to those issues; and obtaining the fullest possible knowledge of the facts and issues before trial. *See, Hickman v. Taylor*, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Given the importance of the discovery process and because work product protection hinders "the investigation of the truth by cloaking otherwise relevant information, [the privilege] should . . . be given the narrowest construction consistent with its purpose." *Pete Rinaldi's Fast Foods v. Great American Ins.*, 123 F.R.D. 198, 201 (M.D. N.C. 1988).

*Ring v. Mikris*, 40 Va. Cir. 528 (Newport News 1996).

Defendant states in his brief that the documents at issue were required by his insurance policy. Dr. Klim wrote them in the form of letters to inform his malpractice insurance carrier about the incident. Defendant seeks to distinguish this type of report from those at issue in this Court's earlier decision in *Whetzel v. McKee*, 44 Va. Cir. 315 (Rockingham County 1998). In that case, this Court found that routine accident reports prepared by insurance companies prior to retention of defense counsel are not protected. *Whetzel* declined to extend blanket protection from discovery to automobile accident reports prepared by insurers before retaining counsel because of the broad exclusion this rationale would create. Defendant argues that the documents in issue are not routine accident reports created by an adjuster, but are Dr. Klim's notification to his insurer about a potential claim.

Defendant seeks to rely on *Rink* for its holding that courts should make a case-by-case inquiry into whether documents were prepared in anticipation of litigation. *Rink* looks to elements such as the severity of the injury and the likelihood that the defendant is solely liable. However, in that case, the

documents plaintiff sought to compel were produced by an insurer *after it decided to investigate the claim based on the initial report its insured prepared.* The incident report gave rise to the investigative documents plaintiff sought, but the incident report itself was not what the Court in that case was addressing. In finding that the investigative documents were protected as work product, the Court noted that the plaintiff had contacted the defendant about her injury and told him her insurance would not cover her. The insurer subsequently took statements of witnesses, photographs of the accident scene, and a diagram, and the Court found these items were protected work product. The Court did not address the initial incident report because it was not sought in plaintiff's motion to compel.

To hold, as defendant urges, that the proper inquiry should be whether Dr. Klim could reasonably anticipate that litigation would arise from the incident would be to extend the type of blanket protection to malpractice incident reports that this Court sought to avoid in *Whetzel.* Every incident report taken by or for an insurer involves an incident that may or may not evolve into litigation. Where an incident report is taken in the routine course of an insurer's business and the defendant is not sufficiently concerned about the potential for litigation to retain counsel, the report is not prepared in anticipation of litigation and, as such, is not protected under the work product doctrine.

The reports in question do not contain mental impressions or strategies of any attorney, but merely provide an immediate account of the facts giving rise to the claim. In addition, defendant bears the burden of establishing that the documents are subject to the work product privilege. He has not offered any indications that the reports, which are required by his insurer any time an incident such as the one giving rise to this litigation occurs, are not used for any other purpose by the insurer. It is doubtful that every such report involves an incident which leads to litigation.

It is more difficult to classify the second report as having been prepared in the regular course of the insurer's or defendant's business, but defendant has failed to carry his burden of establishing otherwise. In this report, defendant reported that plaintiff had picked up a copy of her medical file and that a third party had informed him that plaintiff was "going to see a lawyer." Had defendant produced testimony that the reports are not used for any other purpose, such as for establishing malpractice insurance premiums or statistics, then such evidence would have helped establish that the reports are taken in anticipation of litigation. Instead, it appears that these reports are taken as a matter of routine. As such, they are not entitled to exclusion from discovery.

*Order*

For the reasons stated above, Plaintiff's Motion to Compel is granted. Counsel for defendant is directed to produce the requested reports within ten days of entry of this order. The Clerk of the Court is directed to send certified copies of this Opinion and Order to William W. Wilson, Esq., Russell W. Updike, Esq., and Nolan R. Nicely, Jr., Esq., Wilson, Updike, and Nicely, counsel for plaintiff; and Matthew D. Joss, Esq., LeClair Ryan, and Brian D. Fowler, Esq., Troutman Sanders, L.L.P., counsel for defendants.