454

## CIRCUIT COURT OF FAIRFAX COUNTY

Darryl L. Wyland,
individually, and as
executor of the estate of
Susan T. Wyland

v.

Stuart C. White et al.

v.

David W. Inglish
and Douglas D. Inglish

November 3, 1998

Case No. (Chancery) 147378

BY JUDGE DAVID T. STITT

This matter came before the Court on Plaintiff's Motion to Compel Production of Documents. The Court took the matter under advisement to conduct an *in camera* review of the documents at issue.

This suit was initiated by Plaintiff Darryl L. Wyland ("Wyland"), suing individually and as executor of the estate of his wife, Susan T. Wyland. Defendants Stuart C. White and John E. Riecker are brothers-in-law of Susan Wyland. White and Plaintiff Darryl Wyland are co-executors of the Estate of Susan Wyland. White and Riecker are co-trustees of the Susan T. Wyland Trust No. 2. Susan Wyland's sons by a previous marriage, David W. Inglish and Douglas D. Inglish, originally were named as defendants in this suit. Wyland subsequently took a voluntary nonsuit as to both the Inglishes. Defendants thereafter obtained leave of Court to file a cross-bill against David and Douglas Inglish.

Wyland's Bill of Complaint seeks a declaration of an entitlement to certain real and personal property and alleges breach of fiduciary duties by White and Riecker related to their administration of both the Estate and the Trust. Wyland seeks removal of White as co-executor of the Estate and as co-trustee of the Trust and asks removal of Riecker as co-trustee of the Trust. White and Riecker filed a cross-bill against Wyland seeking Wyland's removal as co-executor of the Estate. During the pendency of this litigation, White initiated a wrongful death action against Wyland in Arizona related to Susan Wyland's death.

Wyland seeks discovery of a number of documents which have been identified in a Privileged Documents List prepared by Defendants.

The Court has reviewed the memoranda submitted by counsel and the authorities cited therein and makes the following findings. Work product and attorney-client communications related to the Arizona wrongful death action are protected and need not be disclosed to Wyland, the defendant in that litigation.

Further, investigation and analysis of Wyland's claims made in the instant litigation are work product which needs not be disclosed to Wyland. That includes White's and Riecker's joint defense communications with David and Douglas Inglish, as White, Riecker, and the Inglishes share a common interest in defending this litigation. *Hicks v. Commonwealth*, 17 Va. App. 535, 537, 439 S.E.2d 414, 416 (1994).

In addition, executors and trustees have the authority to employ attorneys and may act as attorneys for the estate or trust. White's and Riecker's confidential communications with counsel on matters related to administration of the estate and trust are privileged, and Wyland has not made an adequate showing to cause application of the crime-fraud exception to the privilege or of the exception articulated in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), cert. denied, 401 U.S. 974, 91 S. Ct. 1191, 28 L. Ed. 2d 323 (1971), assuming, *arguendo*, that the *Garner* exception is cognizable under Virginia law. The privilege applies notwithstanding claims of breach of fiduciary duty brought by Wyland as beneficiary of the trust. *Layton v. Layton*, In Chancery No. 920764 (Alexandria Cir. Ct., Dec. 12, 1992).

The Court has reviewed each of the documents and, consistent with the findings discussed above, rules as follows.

The following documents are protected under the work product doctrine in defense of the Virginia litigation: Nos. 1, 2, 3, 4, 6, 8, 14, 24, 26, 28, 33, 37, 38, 39, 40, 43, 57, 58, 60, 61, 62, 63, 64, 65, 66, and 87.

The following documents are protected under the work product doctrine in the Arizona litigation: Nos. 7, 11, 56, 70, 71, 73, 74, 75, 79, 80, 82, 86, 89,

456

90, 109, 113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 127, 128, 129, 130, 131, 134, 135, 136, 137, 138, 139, and 140.

The following documents are protected under the work product doctrine related to both the Arizona and the Virginia litigation: Nos. 12, 30, 32, 45, 48, 51, 54, 55, 91, 99, 107, 111, 112, and 126. (Pages 2 and 3 of document number 126 do not appear to be related to page 1.)·

The following documents are protected under the attorney-client privilege in defense of the Virginia litigation: Nos. 9, 13, 23, and 31.

The following document is protected under the attorney-client privilege in the Arizona litigation: No. 110.

The following documents are protected under the attorney-client privilege and work product doctrine in defense of the Virginia litigation: Nos. 10, 17, 22, 36, 41, 42, 46, 47, 49, 50, 67, 68, 69, and 92.

The following documents are protected under attorney-client privilege and work product doctrine as related to the Arizona litigation: Nos. 34, 35, 52, 72, 81, 83, 84, 85, 88, and 125.

The following documents are protected under attorney-client privilege and work product doctrine as related to both the Virginia and Arizona litigation: Nos. 16, 18, 19, 20, 21, 29, 44, 59, 76, 77, 100, 101, 102, 103, 104, 105, 106, 108, 132, and 133.

Plaintiff Wyland is entitled to discovery of the following documents: Nos. 15, 25, 53, 93, 94, 95, 96, 97, 98, and 114.

White previously provided document number 5 to Plaintiff in redacted form. The Court has determined that only the third sentence of the first paragraph should be redacted. Consequently, Wyland is entitled to production of document number 5, with the exception of the third sentence in the first paragraph.

White shall provide document number 27 in full to Wyland, including the previously redacted portion of page 3.

As to document number 78, White's document log indicates that document number 78 is a draft of a proposed letter from Edmund Walton to Robert Hall. However, the document itself indicates that it is a file copy. If the letter was sent, then no privilege attaches. However, if the document is a draft which was not sent, then it is protected under the work product doctrine as related to both the Arizona and the Virginia litigation.

As to Plaintiff's Motion to Compel Defendant White to Produce Documents in Plaintiff's Fourth Request for Production and Plaintiff's Motion to Compel Non-Party Walton & Adams, P.C., to Comply with Subpoena, also taken under advisement by the Court, the billing documents sought by Plaintiff Wyland are protected under the attorney-client privilege and work product doctrine related to both the Virginia and the Arizona litigation.

REPORTER'S NOTE: This opinion is cited in *RML Corp. v. Assurance Co. of Am.* (2002), which is printed above at page 269.