## CIRCUIT COURT OF THE CITY OF SALEM

Robbie Lynn Campbell

v.

Firdaus C. Dastoor

December 9, 2009

Case No. CL07000108-00

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on Defendant's motion to quash a subpoena *duces tecum* served upon Dr. Polverino. For the reasons that follow, the Court denies the motion to quash on the grounds that the attorney-client privilege and "common interest" doctrine do not apply. The Court grants the motion to quash only to the extent that the work product doctrine applies. This ruling only bars disclosure of the mental impressions, conclusions, opinion, and legal theories of counsel and Dr. Polverino.

*Facts*

This is a medical malpractice action against Defendant who, while employed at Lewis-Gale Clinic, treated Plaintiff, during the period April-June 2005. Plaintiff served this action against Defendant in March of 2007.

At the time Defendant was served, he had left his previous practice where he treated Plaintiff and was employed by Primary Care Associates ("PCA"). PCA has an elected board of directors and is insured by Hudson Specialty Insurance ("Hudson"), a medical malpractice insurance carrier headquartered in California. Under the claims-made policy issued to PCA, the defense of Plaintiffs claim fell to Hudson, not to Defendant's prior carrier.

PCA was the "named insured" in the policy; Defendant and the other practicing PCA healthcare providers were listed as additional named insureds. The professional liability portion of the policy provided that Hudson "must have your written consent to settle any claims covered under this section of the policy." "Your" is defined by the policy as "the named insured shown in the declarations."

Dr. Polverino is the president and CEO of PCA. He is head of PCA's management team and has four senior managers who report to him. Dr. Polverino was present at Defendant's deposition and mediation in this matter. He has been involved in face-to-face and telephone conversations with counsel for Defendant[1] and with the claim specialist for Hudson. Hudson's claim specialist is Rebecca Weber. Dr. Polverino also received electronic mail from defense counsel, Hudson, and Defendant.

After discovering these communications, Plaintiff issued a subpoena *duces tecum* that commanded Dr. Polverino to produce:

> All documents in your possession, no matter how made, kept, or stored and including, but not limited to, e-mail transmissions, correspondence, memoranda, handwritten or typed notes, and any other writings or records of any kind or description, related to or in any way concerning Robbie Lynn Campbell and or the matter of *Robbie Lynn Campbell v. Firdaus C. Dastoor, M.D.*, Case No. CL-108.

Thereafter, Defendant filed a Motion to Quash alleging that the requested materials from Dr. Polverino were protected against disclosure under the attorney-client privilege, "common interest" doctrine, and/or work product doctrine.

## Analysis

Granting a request for discovery "is a matter within the trial court's discretion and will be reversed only if the action taken was improvident and affected substantial rights." *Rakes v. Fulcher*, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970) (citations omitted).

---

[1] Formerly John Jessee at LeClairRyan and now Paul C. Kuhnel with WootenHart, P.L.C.

## A. *Attorney-Client Privilege*

### 1. *Attorney-Client Relationship*

Defendant alleges that the communications sought by Plaintiff are privileged. Plaintiff contends that the privilege is not valid because there was no attorney-client relationship between Dr. Polverino, PCA, and Defendant's attorneys.

"Confidential communications between attorney and client made because of that relationship and concerning the subject matter of the attorney's employment 'are privileged from disclosure, even for the purpose of administering justice'." *Commonwealth v. Edwards*, 235 Va. 499, 508-09, 370 S.E.2d 296, 301 (1988) (quoting *Grant v. Harris*, 116 Va. 642, 648, 82 S.E. 718, 719 (1914)). However, "the privilege is an exception to the general duty to disclose, is an obstacle to investigation of the truth, and should be strictly construed." *Id.* (citations omitted).

In this case, there was no attorney-client relationship between Defendant's counsel and Dr. Polverino at the time the communications were made. After Defendant filed his Motion to Quash, Dr. Polverino asked Defendant's counsel "to represent him as well to the extent necessary in this matter, so as to avoid disclosure and injury to the defense of [Defendant]." Def.'s Mem. in Supp. Mot. Quash 1, n. 1. Thus, the privilege does not apply.

### 2. *Agency Relationship*

Defendant asserts that Dr. Polverino is both a representative of the insured and an agent of Defendant. "The privilege attaches to communications of the client made to the attorney's agents . . . when such agent's services are indispensable to the attorney's effective representation of the client." *Edwards*, 235 Va. at 509, 370 S.E.2d at 301 (citations omitted). The Defendant asks the Court to extend the privilege to communications involving Dr. Polverino.

Agency is "the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the agreement by the other so to act." *Raney v. Barnes Lumber Corp.*, 195 Va. 956, 966, 81 S.E.2d 578, 584 (1954). Furthermore, "[t]here is no presumption that an agency exists; a person legally is presumed to be acting for himself and not as the agent for another." *Allen v. Lindstrom*, 237 Va. 489, 496, 379 S.E.2d 450, 454 (1989). Therefore, "[o]ne who alleges agency must prove it" and "[t]he power to control is the determining factor in ascertaining the alleged agent's status." *Id.*, 379 S.E.2d at 454.

There is no evidence that Dr. Polverino's role was "indispensable." More significantly, Defendant did not possess the power to control Dr. Polverino's actions. Absent that element of control, there was no agency relationship between Defendant and Dr. Polverino. Also, the Virginia Rules of Professional Conduct provide in pertinent part:

> A lawyer shall abide by a *client's decisions concerning the objective of representation* . . . and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision, after consultation with the lawyer, whether to accept an offer of settlement of a matter.

Va. Rules of Prof'l Conduct R. 1.2(a) (2009) (emphasis added).

Dr. Polverino may be an agent for PCA, but is not an agent for Defendant personally. Furthermore, the lawsuit is between Defendant and a former patient. PCA is not named as a party to this suit. Therefore, since Dr. Polverino is neither an agent of Defendant nor an agent of Defendant's counsel, the communications between Dr. Polverino, counsel for Defendant, and Hudson are not covered.

## B. *The "Common Interest" Doctrine*

Defendant also alleges that the attorney-client privilege extends to communications between co-defendants because they have a "common interest" in protecting their communications. The "common interest" doctrine applies to actual or potential parties in a civil action; "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *Hicks v. Commonwealth*, 17 Va. App. 535, 537, 439 S.E.2d 414 (1994) (quoting *In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990)).

In this case, Defendant and Dr. Polverino are not co-defendants. Additionally, PCA and Dr. Polverino are not potential parties in this civil action because this suit is covered by a claims-made policy issued to PCA. Thus, the "common interest" doctrine does not apply.

## C. *The Work Product Doctrine and the Substantial Need Exception*

Lastly, Defendant asserts that the work product doctrine protects the communications between Dr. Polverino, Defendant, and Defendant's counsel and no exception applies in this case.

> The work product doctrine is closely related to the attorney-client privilege. Generally, material such as "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs," which are "prepared by an adversary's counsel with an eye toward litigation" may be free from discovery.

*Edwards*, 235 Va. at 510, 370 S.E.2d at 302 (quoting *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 91 L. Ed. 451 (1947)).

The work product doctrine "does not offer absolute immunity, and discovery will be permitted where a showing of necessity greater than the normal requirement for good cause is made." *Rakes v. Fulcher*, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970) (citations omitted). Also, materials prepared in the ordinary course of business or for other non-litigation purposes are not protected. *Edwards*, 235 Va. at 510, 370 S.E.2d at 302. Thus, the Court must determine if (1) the communications were prepared in anticipation of litigation and (2) by or for the party or that party's representative.

Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia provides in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

In this case, the relevant documents pertaining to this case that are in Dr. Polverino's possession are electronic mails exchanged by and between him, defense counsel, Hudson, and Defendant. Def's Mem. Supp. Mot. to Quash 2-3. Plaintiff has no interest in the opinion work-product of defense counsel. Pl's Mem. Opp'n Mot. to Quash 13. Plaintiff wants the communications by and between Defendant, defense counsel, Dr. Polverino, and/or Hudson regarding the facts and Defendant's recollections regarding Plaintiff and the treatment he provided her. *Id.*

As a result, the Court grants the motion to quash as to the mental impressions, conclusions, opinion, or legal theories of counsel or Dr. Polverino. Defendant must disclose communications that fall outside these perimeters.

## *Conclusion*

For the reasons stated, the Court denies the motion to quash only to the extent that the attorney-client privilege and "common interest" doctrine do not apply. The Court grants the motion to quash on the ground that the work product doctrine applies. This limited ruling bars disclosure of the mental impressions, conclusions, opinion, and legal theories of counsel and Dr. Polverino.